IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| MIZRAIN GONZALEZ, | ) |  |
|---|---|---|
|  | ) |  |
| Movant/Defendant, | ) |  |
|  | ) |  |
| v. | ) | Crim. No. 07-135-SLR |
|  | ) | Civ. No. 10-213-SLR |
|  | ) |  |
| UNITED STATES of AMERICA, | ) |  |
|  | ) |  |
| Respondent/Plaintiff. | ) |  |

**MEMORANDUM OPINION**

Mizrain Gonzalez. Pro se movant.

Lesley F. Wolf, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

January 23, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Mizrain Gonzalez ("movant") is a federal inmate currently confined at F.C.I. Marianna, in Florida. Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 30) Respondent filed a response in opposition. (D.I. 36) For the reasons discussed, the court will deny movant's § 2255 motion as time-barred without holding an evidentiary hearing.

## II. BACKGROUND

On September 18, 2007, law enforcement authorities conducted a probation search of movant's residence. (D.I. 36) During the search, the officers discovered a loaded Remington 870 Series shotgun with a sawed-off barrel on the bottom shelf of the dining room cabinet. The gun was in an unzipped gym bag along with additional ammunition. Located nearby, on a dining room chair, were a large number of heat sealed baggies. Inside each of these baggies was a second baggie containing an off-white substance. During the search, a smaller number of baggies was discovered nearby in a drawer in the dining room cabinet. The off-white substance was tested and found to be heroin. In total, 936 baggies were discovered in close proximity to the Remington shotgun. *Id.*

In October 2007, movant was indicted on the following four charges: (1) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) one count of possession with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); (3) one count of possession of a

firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(B)(1) & (2); and (4) possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871.

On April 30, 2008, movant entered a plea of guilty to counts two and three of the indictment. He was sentenced on August 18, 2008 to twelve months imprisonment on count two, and to 120 months imprisonment on count three, with the sentences to run consecutive. (D.I. 26) Movant did not file a direct appeal.

On August 6, 2009, movant filed a motion requesting an extension of time to file a § 2255 motion. (D.I. 28) The court denied the extension request on August 14, 2009, but advised movant that he could file a § 2255 motion and move to supplement it within thirty days. (D.I. 29) Movant filed the instant motion on March 15, 2010, asserting two grounds for relief: (1) defense counsel rendered ineffective assistance by failing to assert that there was no factual basis for his plea of guilty to count three; and (2) the district court abused its discretion in accepting movant's guilty plea without a finding of a sufficient factual basis for such a plea. (D.I. 30) Respondent filed an answer asking the court to deny the motion as time-barred under the one-year statute of limitations contained in 28 U.S.C. § 2255. (D.I. 36)

### III. DISCUSSION

#### A. One Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Section 2255's statute of limitations is subject to equitable tolling. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010)(equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998)(holding that one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling).

Movant does not allege, and the court cannot discern, any facts triggering the application of §§ 2255(f)(2), (3), or (4). As a result, the one-year period of limitations began to run when movant's conviction became final under § 2255(f)(1). Given movant's failure to appeal his conviction and sentence, his judgment of conviction became final on September 2, 2008, the date on which the time period for filing a notice of appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). As a result, movant had until September 2, 2009 to file a timely § 2255 motion. *See Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period).

Movant, however, did not file the instant § 2255 motion until March 15, 2010, more than six months after the expiration of the filing deadline. Therefore, the instant § 2255 motion must be dismissed as time-barred, unless equitable tolling is available.

### B. Equitable Tolling

Although the one-year limitations period may be tolled for equitable reasons, a movant can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. 2549, 2562. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, movant attempts to trigger equitable tolling by contending that he was unable to timely file the instant motion because he was placed in a special housing unit for eight months without adequate access to legal materials. (D.I. 30 at ¶ 30) However, a prisoner's limited access to a law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a causal relationship between the limited library access and the prisoner's late filing. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)(a prisoner must demonstrate a causal relationship

4

between the alleged extraordinary circumstances and his late filing); *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009); *Garrick v. Vaughn*, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003)(collecting cases)("Routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances . . . do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations."). In this case, movant's conclusory and unsubstantiated allegation regarding his limited library access does not demonstrate that the limited access **actually** prevented him from timely filing the instant § 2255 motion. Significantly, during this same eight month period, movant filed a motion for modification of sentence (D.I. 27) and a motion requesting an extension of time to file a § 2255 motion (D.I. 28). Although the court denied the motion for an extension of time for lack of jurisdiction, the court did inform movant that he could file a § 2255 motion and then move to supplement it. (D.I. 29) Inexplicably, movant did nothing, and instead waited until March 2010 to file the instant motion.

Based on the foregoing, the court concludes that the doctrine of equitable tolling is unavailable to movant. Accordingly, the court will deny the instant motion as time-barred.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record

5

conclusively demonstrates that movant is not entitled to relief because his arguments are without merit. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## V. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2008).

An appropriate order shall follow.